UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUTHER LOPEZ,

                Plaintiff,

– against –

TRANSUNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., *and* CHEX SYSTEMS, INC.,

                Defendants.

**OPINION & ORDER**

24 Civ. 07948 (ER)

RAMOS, D.J.:

Luther Lopez, proceeding *pro se*, filed this action against Transunion, LLC ("Transunion"), Experian Information Solutions, Inc. ("Experian"), and Chex Systems, Inc. ("ChexSystems")—three credit reporting agencies—for violating the Fair Credit Report Act ("FCRA").[1]  Doc. 1-1.  Before the Court is ChexSystems' motion to dismiss the instant action pursuant to Federal Rule of Civil Procedure 12(b)(6).  Doc. 24.  For the reasons set forth below, the motion is GRANTED.

I. **BACKGROUND**

    A. **Factual Background**

The Court treats Lopez's September 18, 2024 Verified Petition, Doc. 1-1 at ECF 6–8, as the operative complaint in this case, and accepts the factual allegations in the petition as true for purposes of the instant motion.  *In re Parmalat Securities Litigation*, 477 F. Supp. 2d 602, 607 (S.D.N.Y. 2007); *see also Underdog Trucking, LLC, Reggie Anders v. Verizon Services Corp.*, No. 09 Civ. 8918 (DLC), 2010 WL 2900048, at *1 (S.D.N.Y. July 20, 2010) (assuming facts taken from plaintiff's *petition* to be true for the purposes of deciding a motion to dismiss).

---

[1] As discussed below, all claims against Transunion and Experian were voluntarily dismissed with prejudice, on February 5 and July 22, 2025, respectively.  Docs. 22, 34.

Lopez briefly alleges in his Verified Petition that he has been "the victim of identity theft, identity fraud, unauthorized charges, and fraud," and as a result he has "filed several disputes" with each of the defendants. Doc. 1-1 at ECF 7. Lopez states that all of the defendants "have alleged that they conducted investigations" into each of the disputes he filed, but he asserts that the defendants "are lying," because "a proper and thorough investigation into each and every disputed item would take months if not several years." *Id.*

Lopez encloses a supplemental addendum to his Verified Petition, alleging that he suffered "damage" from ChexSystem's "negligence and inaccurate reporting." *Id.* at ECF 9. Furthermore, Lopez alleges that he was denied membership with a credit union.[2] *Id.*

In his opposition to ChexSystem's motion to dismiss, Lopez bolsters his petition by making additional assertions and including exhibits that were not included in his Verified Petition or supplemental addendum. Included as attachments to his opposition are three complaints Lopez filed with the Consumer Financial Protection Bureau ("CFPB"). Two of those complaints were against ChexSystems and were filed on April 24, and June 4, 2024. *See generally* Docs. 30-7, 30-8. The third complaint, filed on June 14, 2024, was against Capital One. Docs. 30-4, 30-5. These documents clarify that the disputed information in his consumer report allegedly consists of an "unauthorized and/or incorrect charge of nearly $2000" billed to his Capital One account in October of 2019 by a car rental company. Doc. 30-5 at 1. Lopez alleges that he filed the required disputes with the car rental company and Capital One, but that Capital One was unable to determine if he was indeed overcharged due to the non-cooperation of the rental car company. Doc. 30 at 1. Lopez claims that he was "overcharged," that the charge was put on his checking account, and that his checking account was closed as a result. *Id.* The

---

[2] Lopez does not explain or otherwise elaborate in his Verified Petition on what basis he was denied membership.

closing of his checking account, he alleges, was reported to ChexSystems, and later appeared on his consumer report when he applied for membership at the Andrews Credit Union, which was denied.  *Id.*

Lopez received responses to both CFPB complaints he filed against ChexSystems. In those responses, ChexSystems indicated that it reached out to Capital One which verified the information as accurate and complete.  Doc. 30-7 at 3–4; Doc. 30-8 at 2–3. He also received a response to his Capital One complaint which confirmed the "dispute was handled correctly," and that "the account [reported] accurately to ChexSystems[.]" Doc. 30-1 at 1.

In his opposition, Lopez further clarifies that he seeks to have ChexSystems "remove the inaccurate information or perform [a] proper investigation to determine the validity of the alleged debt[.]"  Doc. 30 at 2.  He also raises several questions regarding ChexSystems' investigation, namely:  (1) how it communicated with Capital One; (2) what was said; (3) who it spoke with at Capital One; (4) what evidence Capital One provided to confirm the information was accurate and complete; and (5) because "the controversy . . . originated from the car rental company," whether ChexSystems contacted the car rental company to ascertain if the alleged debt was accurate.  *Id.*

## B.  Procedural History

Lopez filed the instant action in the Supreme Court of the State of New York, County of Dutchess, on September 18, 2024.[3]  Doc. 1-1.  Lopez cites to 15 U.S.C. 1681e(b) and 1681i—two statutes within the FCRA—in his supplemental addendum.[4]

---

[3] On May 8, 2024, prior to filing the instant action, Lopez filed another action in this District making the same or similar claims against the three defendants in this action.  *See Lopez v. Equifax, Inc.*, 24 Civ. 03681 (LTS), Doc. 1 (S.D.N.Y.).  In that matter, Lopez moved to voluntarily dismiss his claims against defendants ChexSystems, Experian, and Transunion on November 15, 2024.  *Id.* at Doc. 9.  The Court granted that dismissal on November 21, 2024.  *Id.* at Doc. 10.

[4] Section 1681e(b) provides, *inter alia*:  "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  Section 1681i provides, *inter alia*:  "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through

3

*Id.* at ECF 9–10.  On October 18, 2024, Transunion, with the consent of Experian and ChexSystems, removed the action to this District based on federal question jurisdiction pursuant to 28 U.S.C. § 1331(a) and § 1441(a).  Doc. 1; Doc 1-2; Doc 1-3.

On February 3, 2025, Lopez and Transunion filed a stipulation of dismissal, with prejudice, of all claims against Transunion, Doc. 20, which the Court so-ordered on February 5, 2025, Doc. 22.  On June 16, 2025, Experian notified the Court that it had reached a settlement with Lopez in principle as to all claims.  Doc. 32.  And on July 22, 2025, Lopez and Experian filed a stipulation of dismissal, with prejudice, of all claims against Experian, Doc. 34, which the Court so-ordered on July 23, 2025, Doc. 35.

On March 24, 2025, ChexSystems filed the instant motion to dismiss Lopez's petition for failure to state a claim pursuant to Rule 12(b)(6), arguing that Lopez offers only "naked and conclusory assertion[s] that ChexSystems harmed him."  Doc. 24; Doc. 26 at 1, 5.  On April 16, 2025, Lopez filed his opposition to ChexSystems' motion to dismiss.  Docs. 29, 30.

## II.    LEGAL STANDARD

In considering a motion to dismiss pursuant to Rule 12(b)(6), a court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor.  *See, e.g.*, *Koch v. Christie's International PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[T]he tenet that a court must accept a

---

a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."

4

complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* at 663 (citing *Twombly*, 550 U.S. at 555).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).  This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).  To state a plausible claim, the plaintiff must "'raise a reasonable expectation that discovery will reveal evidence' of the wrongdoing alleged, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'" *Citizens United v. Schneiderman*, 882 F.3d 374, 380 (2d. Cir. 2018) (quoting *Twombly*, 550 U.S. at 556).  If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

*Pro se* litigants' "pleadings and other filings are interpreted to raise the strongest claims they suggest." *See Sharikov v. Philips Medical System MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024) (citing *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156–58 (2d Cir. 2017)).  In general, a court should not dismiss a *pro se* complaint without "granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *See Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)).

III. **DISCUSSION**

    A. **Failure to State a Claim**

The Court finds that Lopez fails to state a claim pursuant to either § 1681i or § 1681e(b).  The FCRA requires that a consumer reporting agency ("CRA") "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. §1681e(b).  To state a claim that a CRA did not follow reasonable procedures, a plaintiff must show that:  (1)

5

the CRA was negligent or willful in that it failed to follow reasonable procedures to assure the accuracy of its credit report; (2) the CRA reported inaccurate information about the plaintiff; (3) the plaintiff was injured; and (4) the CRA's negligence proximately caused the plaintiff's injury. *Gestetner v. Equifax Information Services LLC*, No. 18 Civ. 5665 (JFK), 2019 WL 1172283, at *2 (S.D.N.Y. Mar. 13, 2019) (quoting *Adams v. National Engineering Service Corp.*, 620 F. Supp. 2d 319, 330 (D. Conn. 2009)). Additionally, § 1681i provides that a CRA "must conduct a 'reasonable reinvestigation' if a consumer disputes an item on her credit report." *Jones v. Experian Information Solutions, Inc.*, 982 F. Supp. 2d 268, 272 (S.D.N.Y. 2013) (quoting 15 U.S.C. § 1681i(a)(1)(A)).

Both statutes require a plaintiff to show that a consumer report is inaccurate. *See Jones*, 982 F. Supp. 2d at 272–73 (A "plaintiff asserting claims under § 1681i must demonstrate that the disputed information is inaccurate in order to prevail on allegations that a consumer reporting agency had failed to reasonably reinvestigate a disputed item."); *Sessa v. Trans Union, LLC*, 74 F.4th 38, 42 (2d Cir. 2023) ("To prevail in [a § 1681e(b)] action, the consumer must establish that the challenged report is inaccurate.") (citing *Shimon v. Equifax Information Services LLC*, 994 F.3d 88, 92 (2d Cir. 2021)). Furthermore, to adequately state a claim, the burden is on the plaintiff to "identify the specific information on his credit report that is inaccurate and explain why the identified information is inaccurate." *Phipps v. Experian*, No. 20 Civ. 3368 (LLS), 2020 WL 3268488, at *3 (S.D.N.Y. June 15, 2020).

In his Verified Petition, Lopez asserts that "he has been the victim of identity theft, identity fraud, unauthorized charges and fraud," and that he wishes "to have a number of incorrect, improper and fraudulent items removed from his credit report[.]" Doc 1-1 at 6–7. Critically, however, he has not alleged what information on his consumer report is inaccurate or how it is inaccurate. Furthermore, he has not shown how ChexSystems violated the FCRA or when it reported the information. Nor does he

6

mention ChexSystems by name in the Verified Petition—seemingly referencing it only when referring to all Defendants jointly as "respondents." This is insufficient to adequately plead a claim pursuant to the FCRA. *See Manzano v. Trans Union (of Delaware) LLC*, No. 23 Civ. 5990 (JGLC) (JLC), 2024 WL 3194091, at *3 (S.D.N.Y. June 27, 2024) (dismissing FCRA claim where plaintiff failed "to specify what and how the information was inaccurate," and only asserted allegations that were "entirely conclusory and insufficient to state a claim"); *Viverette v. Experian*, No. 21 Civ. 6989 (LTS), 2022 WL 357274, at *3 (S.D.N.Y. Feb. 7, 2022) (finding that plaintiff failed to state a claim under either § 1681e or § 1681i by failing to specify "names, addresses, accounts, or other information that is inaccurate," and "not stat[ing] facts explaining why such information is inaccurate.").

Even if the Court considers the additional facts and materials in Lopez's opposition to ChexSystems' motion, he still fails to show how the consumer report is inaccurate. "[I]n deciding a motion to dismiss a *pro se* complaint, it is appropriate to consider materials outside the complaint to the extent that they are consistent with the allegations in the complaint[.]" *Rivera v. Royce*, No. 19 Civ. 10425 (PMH), 2021 WL 2413396, at *5 n.2 (S.D.N.Y. June 11, 2021) (quoting *Davis v. County of Suffolk*, No. 18 Civ. 303 (JMA) (AKT), 2020 WL 7699919, at *4 (E.D.N.Y. Oct. 30, 2020)). And although not incorporated in his original petition, this Court may consider extrinsic documents if they are: (1) attached to the complaint; (2) incorporated into the complaint by reference; or (3) integral to the complaint. *DeLuca v. AccessIT Group, Inc.*, 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010). To the extent that those materials are incorporated into the complaint by reference or integral to the complaint, Lopez's claims still do not pass muster.

The Second Circuit has firmly held that "inaccuracies that turn on legal disputes are not cognizable under the FCRA." *Mader v. Experian Information Solutions, Inc.*, 56 F.4th 264, 270 (2d Cir. 2023). Lopez's claim turns on the validity of a $2000 charge

7

made to his Capital One account. Doc. 30-5 at 1. Lopez claims the charge was "unauthorized" and "incorrect." *Id.* That Lopez believes it is incorrect does not make the information on the consumer report inaccurate. "[I]naccurate information reported on a consumer's credit report must be objectively and readily verifiable[.]" *Sessa*, 74 F.4th at 43. Lopez fails to state why the charge was unauthorized and incorrect, or why the information on the report was inaccurate. Instead, he merely asserts that he seeks to "remove the inaccurate information or perform the proper investigation to determine the validity of the alleged debt." Doc. 30 at 2.

This is insufficient to make a claim pursuant to the FCRA. *See Mader*, 56 F.4th at 270 (holding that determining the validity of a debt "is not sufficiently objectively verifiable to render [plaintiff's] credit report 'inaccurate' under the FCRA."); *Fashakin v. Nextel Communications*, No. 05 Civ. 3080 (RRM), 2009 WL 790350, at *11 (E.D.N.Y. Mar. 25, 2009) (dismissing an FCRA claim because the plaintiff "failed to demonstrate that [the CRA's] reporting of her debt [to a third party] was inaccurate," even if the plaintiff disputed that debt); *Taylor v. Experian Information Solutions, Inc.*, No. 24 Civ. 188 (DNH) (MJK), 2024 WL 618741, at *5 (N.D.N.Y. Feb. 14, 2024) (holding that a plaintiff's claim pursuant to the FCRA that challenges "the validity of a debt assessed by a third-party," fails "because 'inaccuracies that turn on legal disputes are not cognizable under the FRCA.'") (quoting *Mader*, 56 F.4th at 270); *Holland v. Chase Bank USA, North America*, 475 F. Supp. 3d 272, 276 (S.D.N.Y. 2020) (dismissing FCRA claim because "a plaintiff's legal challenge to the validity of a debt is alone insufficient to make a report of that debt factually inaccurate.").

The Court also finds that Lopez fails to adequately allege that ChexSystems failed to "follow reasonable procedures" or "conduct a reasonable investigation." §1681e(b); §1681i. Lopez asserts that "Respondents" did not "engage in a proper and thorough investigation into each and every disputed item," because it "would take months if not several years" to do so. Doc 1-1 at 7. As ChexSystems points out, nowhere in his

8

petition does Lopez support the claim that such an investigation should have required months or years.  Doc. 26 at 8.  Nothing in the Verified Petition specifically alleges what ChexSystems did or did not do.  Similarly, the supplemental addendum simply alleges that Lopez incurred "damage" as a result of ChexSystems' "negligence and inaccurate reporting," but there is no mention of how ChexSystems was negligent or inaccurate in its reporting.  Doc. 1-1 at ECF 9.  Again, these conclusory allegations are not sufficient to state a claim pursuant to §§ 1681e(b) and 1681i.  *See Ahmad v. Experian Information Solutions, Inc.*, No. 23 Civ. 2222 (LJL), 2023 WL 8650192, at *6 (S.D.N.Y. Dec. 14, 2023) ("Absent *any* allegations as to what Defendant did or did not do in the course of reinvestigating, Plaintiff fails to state a negligent, much less willful, violation of § 1681i." (emphasis in original)); *Viverette*, 2022 WL 357274, at *3 (holding that plaintiff failed to state a claim under either statute because they did "not allege any facts showing that [defendant] failed to follow reasonable reinvestigation procedures.").

And again, even considering the additional allegations made in his opposition, Lopez fails to show how ChexSystems' failed to follow reasonable procedures or that its investigation was unreasonable.  Lopez offers various hypothetical questions concerning the method and form of ChexSystems' communications with Capital One, but does not support those hypotheticals with any factual allegations of wrongdoing by ChexSystems.  Doc. 30 at 2.  He acknowledges that the controversy arises from a dispute with the car rental company, and questions whether ChexSystems contacted the car rental company to determine whether the debt was accurate.  *Id.*  Again, "inaccurate information reported on a consumer's credit report must be objectively and readily verifiable[.]"  *Sessa*, 74 F.4th at 43; *Hosssain v. Portfolio Recovery Associates, LLC*, 693 F. Supp. 3d 358, 363 (E.D.N.Y. Sept. 21, 2023) ("CRAs are not required to adjudicate intricate issues . . . to ensure the accuracy of a consumer's credit report.  Instead, CRAs must focus on straightforward, objectively and readily verifiable information when conducting its investigations under the FCRA[.]").  Ultimately, Lopez makes the claim that

ChexSystems disseminated false, misleading, and inaccurate information.  Doc. 30 at 2.  With no factual basis to support his claims, the allegations are plainly conclusory.

ChexSystems also claims that Lopez failed to satisfy his statutory requirement of "notif[ying] the agency *directly*" by submitting his complaints against ChexSystems through the CFPB, rather than with ChexSystems directly.  Doc. 31 at 5; § 1681i(a)(1)(A) (emphasis added).  In light of the Court's finding that Lopez failed to state a claim pursuant to the FCRA, the Court need not determine whether Lopez satisfied the statutory requirement.  Accordingly, ChexSystems' motion to dismiss the instant action is granted.

### B. Leave to Amend

Although Lopez does not ask the Court for leave to amend, ChexSytems argues that he should not be granted leave because any amendment would be futile.  Doc. 26 at 9; Doc. 31 at 7.  It being within the Court's discretion, the Court grants Lopez leave to amend.  "[A] *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim."  *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000)).  Accordingly, "district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile."  *Ahmad*, 2023 WL 8650192, at * 9 (citing *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009)); *see also Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 795 (2d Cir. 1999) ("[A] *pro se* complaint is to be read liberally," and "the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.").

In the instant case, Lopez provides new details about the controversy in his opposition to ChexSystems' motion.  Doc. 30.  For example, he discusses the allegedly unauthorized $2000 charge by the car rental company and attaches his complaints with Capital One and ChexSystems.  *See generally* Docs. 30-5, 30-7, 30-8.  Lopez's expansion and clarification of the record demonstrates that he may be able to provide a more

10

complete account of his allegations if given the opportunity to file an amended complaint. Furthermore, Lopez's pleadings contain certain informational gaps, which if clarified, could help cure the defects in his claims. For example, Lopez could hypothetically detail what ChexSystems reported, how the report was allegedly inaccurate, and how ChexSystems exactly failed to conduct a reasonable investigation.

Because Lopez's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that he wants to include from the original complaint must be repeated in the amended complaint.

### IV. CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED without prejudice with leave to amend the complaint. Lopez must file his Amended Complaint, if at all, by September 2, 2025. If he fails to do so, the case will be closed. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 24, as well as Lopez's opposition, Doc. 29.

It is SO ORDERED.

Dated:   August 1, 2025
         New York, New York

                                                    _____
                                                    EDGARDO RAMOS, U.S.D.J.